# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **LEONARDO CASTILLO,** | |
| **Plaintiff,** | 2001-CV-0133 |
| v. | |
| **KMART CORPORATION,** | |
| **Defendant.** | |

**TO:** Lee J. Rohn, Esq.
Sunshine S. Benoit, Esq.

### ORDER REGARDING DEFENDANT'S MOTION TO COMPEL

THIS MATTER is before the Court upon the parties' Joint Stipulation Regarding Defendant's Motion to Compel Plaintiff to Provide Signed Medical Authorizations (Docket No. 58).

At issue is Plaintiff's refusal to provide the "HIPAA Authorizations" in the absence of a confidentiality agreement, and Defendant's objection to the scope of Plaintiff's proposed confidentiality agreement.

This Court previously has held that, where a party's physical condition is a factor or element of the party's claims, no patient-physician privilege exists, pursuant to V.I. Code Ann. tit. 5 § 855. Section 855 codifies the physician-patient privilege in the Virgin Islands.

*Castillo v. Kmart Corporation*
2001-CV-0133
Order Regarding Defendant's Motion to Compel
Page 2

However, subparagraph four (4) of said statute, provides, in pertinent part: "There is no privilege under this section in an action in which the condition of the patient is an element or factor of the claim or defense of the patient . . . ." V.I. Code Ann. tit. 5 § 855(4) (1997). The plain meaning of the provision is that there is no physician-patient privilege *in an action* where the condition of the patient is an element or factor of the claim or defense of such patient. In other words, where the "condition" of a patient (as defined by the statute) is an element or factor of a claim or defense of that patient in a civil *action,* there is no physician-patient privilege in that *action*.

Since no physician-patient privilege exists in this matter, all Plaintiff's medical records are not privileged nor require confidential treatment. However, because alcohol and drug abuse treatment, mental health, and AIDS/HIV diagnosis and/or treatment are protected by the Health Insurance Portability and Accountability Act (HIPAA), the Court will order that such information be subject to a confidentiality agreement. The parties' confidentiality agreement shall incorporate the provisions as ordered herein.

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion to Compel Plaintiff to Provide Signed Medical Authorizations (Docket No. 58) is **GRANTED**.

*Castillo v. Kmart Corporation*
2001-CV-0133
Order Regarding Defendant's Motion to Compel
Page 3

    2.    Plaintiff shall, within ten (10) days, execute what Defendant refers to as the HIPAA Authorizations, which may include the release of information concerning alcohol and/or drug abuse treatment and/or mental health and/or AIDS- or HIV-related condition, diagnosis, and/or treatment.

    3.    The parties shall, within ten (10) days, execute a confidentiality agreement in accordance with the following provisions:

        a.    Access to all alcohol and/or drug abuse treatment and/or mental health and/or AIDS- or HIV-related information shall be limited to just those attorneys and support staff directly involved in preparation of this case, and counsel for Defendant shall not allow representatives of Defendant access to the information.

        b.    Counsel for Defendant may reveal the alcohol and/or drug abuse and/or mental health and/or AIDS- or HIV-related information to the minimum number of Defendant's experts necessary to evaluate the information and prepare the case.

        c.    All alcohol and/or drug abuse and/or mental health and/or AIDS- or HIV-related information shall be kept in separate envelopes on the front of which shall be affixed a notice stating its confidential nature,

*Castillo v. Kmart Corporation*
2001-CV-0133
Order Regarding Defendant's Motion to Compel
Page 4

      and counsel for Defendant shall inform each person to whom such information is disclosed of its confidential nature and that person's duties under the Confidentiality Agreement entered in this matter.

d.    At the conclusion of legal proceedings between the parties, counsel for Defendant shall return all alcohol and/or drug treatment and/or mental health and/or AIDS- or HIV-related information to Plaintiff.

      ENTER:

Dated: July 2, 2007

      /s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE