| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

LEONARDO CASTILLO,

                           **Plaintiff,**                        2001-CV-0133

   v.

KMART CORPORATION,

                           **Defendant.**

TO:    Lee J. Rohn, Esq.
          Sunshine S. Benoit, Esq.

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court upon the Plaintiff's Motion for Reconsideration (Docket No. 50). Defendant filed its Opposition to Plaintiff's Motion for Reconsideration Dated September 20, 2006, to which Plaintiff filed a reply.

Plaintiff moves the Court to reconsider the Order Regarding Plaintiff's Motion to Compel (Docket No. 48). Specifically, Plaintiff asks the Court to reconsider its previous findings regarding the Demand for Production No. 36 and Demand for Production Nos. 37, 39, 40, 46, and 47.

According to the Local Rules of Civil Procedure, a "motion to reconsider shall be based on: 1. intervening change in controlling law; 2. availability of new evidence, or; 3. the

*Castillo v. Kmart Corporation*
2001-CV-0133
Order Denying Plaintiff's Motion for Reconsideration
Page 2

need to correct clear error or prevent manifest injustice." LRCi 7.4. Plaintiff does not refer to either intervening change in controlling law or availability of new evidence. Rather, Plaintiff contends that his motion is based on the need to correct clear error or prevent manifest injustice. In *Anderson v. Correctional Medical Services, Inc.*, No. 04-3410, 2007 WL 1746258 (D.N.J. June 15, 2007), the court identified the same three bases as Local Rule 7.4, upon which a motion to reconsider might succeed. The court cited to examples of successful motions to reconsider for each of the three bases. *Anderson* at 1. For the example of the motion successfully using the third basis (the need to correct clear error or prevent manifest injustice), the court's parenthetical described, "motion for reconsideration appropriate when court overlooked dispositive factual or legal matters presented to it." *Id.* Therefore, clear error or manifest injustice is equated with the court's overlooking of dispositive factual or legal matters.

In a motion to reconsider, the movant is not allowed to present new arguments which properly should have been presented in the original motion. *Id.* Therefore, in a motion to reconsider under the third basis, the movant may only properly bring to the court's attention dispositive factual or legal matters which the court overlooked in considering the original motion.

*Castillo v. Kmart Corporation*
2001-CV-0133
Order Denying Plaintiff's Motion for Reconsideration
Page 3

Plaintiff does not contend that the Court overlooked, nor did the Court overlook, any dispositive factual or legal matters in considering the original motion. Rather, the Court exercised its broad discretion to control discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). As the Court did not overlook any dispositive factual or legal matters in its consideration of the original motion, no clear error or manifest injustice has occurred.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Reconsideration (Docket No. 50) is **DENIED**.

2. The Court's Order Regarding Plaintiff's Motion to Compel (Docket No. 48) is **AFFIRMED**.

ENTER:

Dated: July 6, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE